UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LOUSHAWN A. ROBINSON,           ) | |
| )             | |
| Plaintiff,           ) | |
| )             | |
| vs.           ) | No. 2:16-cv-00012-WTL-DKL |
| )             | |
| UNITED STATES OF AMERICA,           ) | |
| FCI/USP TERRE HAUTE,           ) | |
| CHARLIE DANIELS Warden,           ) | |
| MOORE S.I.S. Lt.,           ) | |
| THOMPSON SHU Lt.,           ) | |
| GILBERT C.O.,           ) | |
| PENMAN C.O.,           ) | |
| BROOKS C.O.,           ) | |
| MISC UNKNOWN SHU STAFF,           ) | |
| D. COX,           ) | |
| J. HAYDEN,           ) | |
| L. MOSELEY,           ) | |
| )             | |
| Defendants.           ) | |

**Entry Screening Amended Complaint, Dismissing Insufficient Claims,
and Directing Service of Process**

**I.     Screening**

**A. Background**

A collection order has been issued to collect the filing fee in monthly installments. The Court will now screen the amended complaint filed on April 6, 2016, in accordance with 28 U.S.C. § 1915A(b).

The plaintiff, Loushawn Robinson ("Mr. Robinson"), is a federal inmate confined at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"). He names the following defendants: 1) Officer D. Cox; 2) Officer J. Hayden; 3) Lt. F. Granger; 4) Officer N. Montisano;

5) Hearing Officer D. Ezekiel; and 6) Unit Manager L. Moseley. This is a civil rights complaint brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Mr. Robinson seeks compensatory and punitive damages and injunctive relief.

### B. Allegations

Mr. Robinson alleges that on or about September 1, 2015, he was assaulted by Officer D. Cox. He alleges that Officer Cox sprayed him with O.C. and charged him, trying to body slam him, causing them both to fall to the ground.

Mr. Robinson alleges that in December 2015, Officer J. Hayden removed personal property from his cell but never inventoried it or returned it to him. He alleges that he filed a Property Loss Form asking for relief, but it was denied. Mr. Robinson alleges that Officer Hayden was negligent in handling his property.

Mr. Robinson alleges that Officer N. Montisano wrote a false incident report on March 5, 2016. He alleges that since October 26, 2015, Hearing Officer E. Ezekiel has abused his authority by assessing excessive monetary sanctions against Mr. Robinson in disciplinary proceedings. Although on page 2 of the amended complaint, Mr. Robinson lists his claim against Lt. F. Granger as "lieing [sic] in report," he alleges no facts in support of that claim.

Mr. Robinson's final claim is that Unit Manager Moseley is violating his due process rights by refusing to take any more of his requests for mailing stamps. Mr. Mosely is allegedly not giving Mr. Robinson any incentive to correspond outside the prison walls.

### C. Insufficient Claims

Some of Mr. Robinson's claims are legally insufficient, while one will be allowed to proceed, as discussed below:

The Court declines to exercise supplemental jurisdiction over the state law negligence claim against Officer Hayden because the destruction or loss of property claim does not "share a common nucleus of operative facts with a federal claim properly brought before the court," that of excessive force. *Bailey v. City of Chicago,* 779 F.3d 689, 696 (7th Cir. 2015); 28 U.S.C. § 1367(c). The negligence claim against Officer Hayden is **dismissed for lack of subject matter jurisdiction.** In addition, the Court notes that inmates do not have a Fourth Amendment right protecting against the seizure of property from a prison cell. *See Hudson v. Palmer,* 468 U.S. 517, 536 (1984) ("We hold that the Fourth Amendment has no applicability to a prison cell.").

Mr. Robinson's claim against Officer N. Montisano is that he wrote a false conduct report. Mr. Robinson also challenges the sanctions imposed by Hearing Officer E. Ezekiel in a disciplinary proceeding. "*Heck [v. Humphrey,* 512 U.S. 477 (1994),] bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence." *Wiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004). This same rule applies to "convictions" incurred in prison disciplinary proceedings. *See Edwards v. Balisok,* 520 U.S. 641 (1997) (a claim for damages that would call into question the validity of a prison disciplinary finding is barred); *Walker v. Taylorville Correctional Ctr.,* 129 F.3d 410, 413 (7th Cir. 1997); *Lusz v. Scott,* 126 F.3d 1018, 1021 (7th Cir. 1997). The plaintiff does not allege that his disciplinary convictions have been overturned or otherwise invalidated and so any due process claims against Officer N. Montisano and Hearing Officer D. Ezekiel based on any disciplinary convictions are **dismissed without prejudice** as premature.

The claim against Lt. F. Granger is **dismissed for failure to state a claim upon which relief can be granted.**

The claim against Unit Manager Moseley concerning stamps does not invoke any federally secured right. The Court has considered whether these facts would support a First Amendment denial of access to the courts claim, however, Mr. Robinson has not alleged any resulting injury, meaning that "some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). *See also Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights …."). The claim against Unit Manager Moseley is **dismissed for failure to state a claim upon which relief can be granted.**

No partial final judgment shall issue at this time with respect to the claims dismissed in this Entry.

### D. Claim That Shall Proceed

The plaintiff alleges that Officer D. Cox applied excessive force to him on or about September 1, 2015. This Eighth Amendment claim shall proceed.

If the plaintiff believes that he asserted any additional claims which were not recognized in this Entry he should notify the Court of this fact by no later than **May 20, 2016.**

### II. Service of Process

**The clerk is designated** pursuant to Rule 4(c)(3) of the *Federal Rules of Civil Procedure* to issue process to defendant Officer D. Cox and the officials designated pursuant to Rule 4(i)(3). Process shall consist of a summons, which shall be served with a copy of the amended complaint (with attachments) filed on April 6, 2016 (docket 11), and a copy of this Entry by the Marshal for this District or his deputy, at the expense of the United States.

**The clerk shall update the docket** to reflect the dismissal of all defendants except Officer D. Cox.

**IT IS SO ORDERED.**

Date: 4/19/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LOUSHAWN A. ROBINSON
56279-037
TERRE HAUTE – FCI
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**