UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LOUSHAWN A. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00012-WTL-DKL |
| | ) | |
| D. COX, | ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Motion For Summary Judgment
and Directing Entry of Final Judgment**

**I. Background**

Plaintiff Loushawn A. Robinson ("Mr. Robinson") is a federal inmate formerly confined at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). After screening the complaint and dismissing some claims, the Court determined that Mr. Robinson's claim of excessive force would proceed against Officer David Cox ("Officer Cox").

The defendant filed a motion for summary judgment arguing that Mr. Robinson's claim is barred because he failed to exhaust his available administrative remedies. Mr. Robinson has opposed the motion for summary judgment and the defendant has replied. The motion is ripe for ruling.

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 29] is **granted.**

## II. Discussion

### A. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The Court must consider the issue of exhaustion before reaching the merits. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

**B. Undisputed Facts**

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Robinson as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000).

The Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified in 28 C.F.R. § 542.10, *et seq.*, and BOP Program Statement 1330.18, Administrative Remedy Program. The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. 28 C.F.R. § 542.10. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8. 28 C.F.R. § 542.14(a). He must then file a formal administrative remedy request with the Warden, Regional Director, and General Counsel.

If the inmate is not satisfied with the informal remedy response (BP-8), he is required to address his complaint at the institutional level with the Warden via a BP-9 form within twenty (20) calendar days of the incident. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the Warden's response to his BP-9, he may appeal to the Regional Director within twenty (20) calendar days of the Warden's response, via a BP-10. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel/Central Office within thirty (30) calendar days of the Regional Director's response, via a BP-11. *Id.* Once an inmate receives a response to his appeal from the General Counsel/Central Office, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted,

as to the specific issue(s) properly raised therein. See BOP Program Statement, Administrative Remedy Program, 1330.16, available at http://www.bop.gov.

All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.16. Administrative remedy filing procedures are outlined in an Inmate Information Handbook, which is provided to all inmates upon initial intake at USP Terre Haute.

Mr. Robinson alleges in his amended complaint that on or about September 1, 2015, Officer Cox used excessive force against him when the officer sprayed him with O.C. pepper spray and charged him, trying to body slam him, causing them both to fall to the ground. Dkt. 11-1.

Mr. Robinson did not submit any administrative remedy requests within twenty (20) calendar days of the alleged incident on September 1, 2015. Dkt. 25-1, ¶ 17; dkt. 25-6. His first remedy requests submitted after September 1, 2015, were two requests filed on October 2, 2015. One of those requests complained of "requesting pay for time worked." (837599-F1). That remedy did not relate to the incident alleged against Officer Cox. *Id.* Mr. Robinson submitted another remedy request on October 2, 2015, complaining of "staff allegation – verbal threat" (839054-F1), which mentions the September 1, 2015, incident and officer "D Cox." Dkt. 25-1, ¶ 18; dkt. 25-7. In this grievance, Mr. Robinson complains, in part, that a Lieutenant Granger falsely stated in an incident report that Mr. Robinson was resisting Officer Cox. Dkt. 25-7, at p. 2. In this remedy, Mr. Robinson does not allege that Officer Cox used excessive force against him. Nevertheless, Mr. Robinson did not pursue this remedy request past the Regional Director BP-10 level. Dkt. 25-1, ¶ 18; dkt. 25-6, at p. 8.

Mr. Robinson submitted other remedy requests later in 2015 and early 2016. See Dkt. 25-1, ¶¶ 19-23 (#843690-F1 for "inmates kept in unsafe environment;" #844666-R1 for appeal of a disciplinary determination; #844935-FI alleging "staff are retaliating against him;" #846829-R1 alleging "staff complaint;" #847588-F1 requesting that "mail be sent out in approp time"). None of these remedy requests, even if they were construed as relating to the incident with Officer Cox, were pursued to the final General Counsel BP-11 level.

**C. Analysis**

In response to the defendant's motion for summary judgment, Mr. Robinson argues that he sent a remedy to the Inspector General's office, asking for an investigation, and he received no response. This submission, however, no matter when it was sent, did not initiate the BOP Administrative Remedy Program. Mr. Robinson does not contend that he was unaware of the remedy process. The record demonstrates that he knew how to file administrative remedies, but he failed to do so in a timely manner with regard to his excessive force allegations against Officer Cox.

Mr. Robinson also argues that he did file an appeal, but it was rejected on December 7, 2015, as untimely and returned to him. Dkt. 33-1, at p. 3. That remedy, #844666-R1, however, was an appeal of a hearing officer's decision to impose sanctions against Mr. Robinson for violating prison rules. It was not an appeal of a remedy alleging Officer Cox used excessive force. Even if it had been, it was rejected as untimely. *Id.*

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "The exhaustion requirement is interpreted strictly; thus, a prisoner must comply with the specific procedures and deadlines established by the prison's policy." *Pyles v. Nwaobasi,* 829 F.3d 860, 864 (7th Cir. 2016) (internal quotation

omitted). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "Unexhausted claims are procedurally barred from consideration." *Pyles,* 829 F.3d at 864.

The undisputed record reflects that no remedy alleging excessive force against Officer Cox was filed within the initial twenty (20) day deadline. Moreover, no remedy that mentioned Officer Cox was appealed through the final step of the process. Officer Cox met his burden of establishing that Mr. Robinson did not complete the BOP exhaustion procedure before he filed this lawsuit.

Because Mr. Robinson failed to timely initiate and complete the exhaustion process with respect to his claim in this action, in light of 42 U.S.C. § 1997e(a), this action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons explained above, the defendant's motion for summary judgment [dkt. 29] is **granted**. Final judgment consistent with this Entry and with the screening Entry of April 19, 2016, dismissing other claims, shall now issue.

**IT IS SO ORDERED.**

Date: 2/23/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LOUSHAWN A. ROBINSON
56279-037
TERRE HAUTE – FCI
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically registered counsel